IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOE A. COOK | § | |
|     TDCJ-CID #1427038 | § | |
| v. | § | C.A. NO. C-09-245 |
| | § | |
| SYLVIA A. BROWN, ET AL. | § | |

## OPINION AND ORDER OF DISMISSAL

This case was filed as a civil rights action by a state prisoner pursuant to 42 U.S.C.

§ 1983.

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, 10 Stat. 1321 (1996),

any prisoner action brought under federal law must be dismissed if the complaint is frivolous,

malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a

defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A.

Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee, or

proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam);

Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam). Plaintiff's pro se complaint

must be read indulgently, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), and his

allegations must be accepted as true, unless they are clearly irrational or wholly incredible.

Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

Applying these standards, plaintiff's claims alleging denial of access to the courts are

dismissed for failure to state a claim and as frivolous pursuant to 28 U.S.C. § § 1915(e)(2)(B),

1915A(B)(1).

## I.  JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.  After consent by the plaintiff, (D.E. 11), this case was reassigned to a magistrate judge to conduct all further proceedings, including entry of final judgment. (D.E. 12); see also 28 U.S.C. § 636(c).

## II.  BACKGROUND FACTS AND PLAINTIFF'S ALLEGATIONS

Plaintiff is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"), and is currently incarcerated at the McConnell Unit in Beeville, Texas.  He filed this lawsuit on September 16, 2009, alleging that defendants interfered with his right of access to the courts when they opened his legal mail on two occasions over a thirteen-month period of time.  (D.E. 1).  Plaintiff named as defendants: (1) Sylvia A. Brown; (2) Warden Ernest H. Gutierrez; and (3) Brad Livingston, Executive Director of TDCJ.

A Spears[1] hearing was held on October 14, 2009.  The following allegations were made in plaintiff's original complaint, or at the hearing.

In the last two years, plaintiff has filed the following cases in the Corpus Christi Division of the United States District Court for the Southern District of Texas:

(1)    2:08-cv-203,   Cook v. Fitts, et al., (dismissed as frivolous on August 30, 2008);

(2)    2:08-cv-379,   Cook v. McConnell Unit, (dismissed as frivolous and for failure to state a claim on August 21, 2009);

(3)    2:09-cv-216,   Cook v. Gutierrez, et al., (evidentiary hearing held October 22, 2009); and

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

(4)      2:09-cv-245, <u>Cook v. Brown, et al.</u>, (this action).

On July 18, 2008, defendant Brown sent plaintiff a "communication" indicating that his legal mail in 2:08-cv-203 had been "opened in error."  On August 28, 2009, plaintiff received a second communication from defendant Brown, this time reporting that his legal mail in 2:08-cv-379 had been opened in error.  In his complaint, he asserts that "as most reasonable citizens know, once is an error, twice is a pattern, and three times is a policy."  (D.E. 1, at 1).

Plaintiff alleges that his mail was opened a third time on October 6, 2009 after he filed this action.  He argues that defendant Brown's opening of his legal mail is based on an illegal policy in violation of his (as well as other inmates') right of access to the courts.  He contends that, because his legal mail was opened three times, it amounts to a "policy" of the McConnell Unit that has been ratified by Warden Gutierrez, as well as Brad Livingston, such that they are liable for his injuries.  He asserts that the opening of his mail is done because prison officials are unsure of his legal activities.  He is bringing the instant action to stop this unconstitutional policy.

For relief, plaintiff seeks:

(1)      an order that defendants cease and desist from opening legal mail;

(2)      that defendants be ordered to pay $25,000 to the Salvation Army, the Diocese, the Southern Baptist Disaster Fund, and the Seventh Day Adventist Texas Conference Disaster Fund; and

(3)      that defendants pay the filing fee.

### III.  DISCUSSION

**A.      Legal Standard For A Civil Rights Action Pursuant To 42 U.S.C. § 1983.**

Regardless of whether a plaintiff has properly exhausted his administrative remedies, his

action may be dismissed for failure to state a claim upon which relief can be granted.  42 U.S.C.

§ 1997e(c)(2).  It is well established that "[t]o state a claim under 42 U.S.C. § 1983, a plaintiff

must allege the violation of a right secured by the Constitution and laws of the United States, and

must show that the alleged deprivation was committed by a person acting under color of state

law."  West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted); see also Biliski v. Harborth, 55

F.3d 160, 162 (5th Cir. 1995) (per curiam).  An action may be dismissed for failure to state a

claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling

him to relief.  Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002) (citation omitted).  The

complaint must be liberally construed in favor of the prisoner, and the truth of all pleaded facts

must be assumed.  Id. (citation omitted).

**B.      Plaintiff's Denial Of Access To The Courts Claim Is Dismissed.**

Plaintiff argues that the policy of opening inmate legal mail violates his right of access to

the courts.

Prisoners have a constitutionally protected right of access to the courts.  See Lewis v.

Casey, 518 U.S. 343, 360 (1996) (citing Bounds v. Smith, 430 U.S. 817, 821 (1977)).  The right

does not guarantee any "particular methodology but rather the conferral of a capability – the

capability of bringing contemplated challenges to sentences or conditions of confinement before

the courts."  Id. at 356; see also Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999) (per

curiam) (the right provides a reasonable opportunity to file nonfrivolous legal claims challenging

convictions or conditions of confinement). Because the right of access is not a "freestanding

right," the plaintiff must demonstrate actual injury resulting from an alleged denial of access to

the courts. Lewis, 518 U.S. at 351; Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999) (per

curiam). "Actual injury" is "actual prejudice with respect to contemplated or existing litigation,

such as the inability to meet a filing deadline or to present a claim." Lewis, 518 U.S. at 348.

Without a showing of an actual injury, a plaintiff lacks standing to pursue a claim of denial of

access to the courts. Lewis, 518 U.S. at 349.

      To meet the standing requirement, "plaintiff must allege personal injury fairly traceable

to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief."

Raines v. Byrd, 521 U.S. 811, 818-19 (1997) (quoting Allen v. Wright, 468 U.S. 737, 751

(1984)). Plaintiff "must establish that he has a personal stake in the alleged dispute and that the

alleged injury suffered is particularized as to him." Id. at 819 (citing Lujan v. Defenders of

Wildlife, 504 U.S. 555, 560-61 (1992)). In particular, to succeed on a claim of denial of access

to the courts, plaintiff must show that he lost an actionable claim or was prevented from

presenting such a claim because of the alleged denial. See Lewis, 518 U.S. at 356. He must

show "that his position as a litigant was prejudiced" as a direct result of the denial of access.

Eason v. Thaler, 73 F.3d 1322, 1328 (5th Cir. 1996) (per curiam) (citation omitted).

      In this case, plaintiff fails to state a claim for denial of access to the courts because he

fails to allege, let alone demonstrate, that he suffered an injury as a result of his legal mail being

opened on three occasions over a 15-month period. Indeed, plaintiff testified that the opened

mail was simply returned file-stamped copies of pleadings he had filed with this Court, such that

they were documents of public record.  The opened mail was not private communications with an attorney nor other sensitive material.

In addition, plaintiff admitted that, despite the erroneous opening of his mail, he had suffered no injury in any pending litigation.  He did not miss any deadlines, nor was he unable to represent his interest in any action as a result of the opening of his mail.  As such, plaintiff suffered no prejudice.  Thus, his claims for denial of access to the courts based on the erroneous opening of his mail are without merit, and they are dismissed with prejudice.

**C.      Plaintiff's Claim About Violation Of TDCJ Rules And Regulations Is Dismissed.**

Plaintiff also argues that opening of his legal mail was in violation of TDCJ-CID's own rules and regulations.  However, such an allegation, in and of itself, fails to state a constitutional violation.  See Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996) (per curiam) (citations omitted) (TDCJ-CID's failure to follow its own administrative rules and regulations does not raise federal constitutional issues as long as minimal constitutional requirements are met).  Because plaintiff suffered no constitutionally cognizable injury, the fact that defendant Brown might have violated TDCJ-CID rules when she opened his mail does not give rise to a constitutional claim.  Accordingly, this claim is also dismissed with prejudice.

### IV.  CONCLUSION

Plaintiff's allegations that his legal mail was opened in violation of his constitutional rights and in violation of TDCJ-CID rules and regulations fail to state cognizable claims.  Accordingly, it is therefore ORDERED that plaintiff's claims against defendants are hereby dismissed with prejudice for failure to state a claim and as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(B)(1).

In addition, this is a dismissal as described by 28 U.S.C. § 1915(g).  **The Clerk is directed to provide copies of this order to the parties, to the TDCJ–Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159, and to the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler Texas, 75702, Attention: Betty Parker.**

SIGNED this 29th day of October 2009.

BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE